[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court finds that the $1,800.00 claimed as ordered by Judge Tamborra for use and occupancy at $900.00 per month should be awarded to the plaintiff. There is no provision in the statute to adjust for a per diem use.
The court also finds that although the plaintiff proved damage to the property, he failed to prove the amount due to him personally for clean up. The invoices provided called for items that needed doing under ordinary wear and tear. The court, therefore, awards no damages for clean up.
Regarding attorney's fees, the court agrees with the plaintiff that the attorney's fees for the eviction are separate from the fees limited to 15% of the amount recovered by C.G.S. § 47a-4 (7). The court, therefore, awards to the plaintiff the fees for eviction of $2,216.00.
The court also awards statutory interest in accordance with C.G.S. § 37-3a on the use and occupancy of $1,800.00 in the amount of $139.00. CT Page 12017
The court does not award damages for the dishwasher or dryer as both were old and of no value.
The court, therefore, awards $1,800.00 use and occupancy and interest of $139.00 for a total of $1,939.00. In accordance with the statute, the court awards attorney's fees of 15% of $1,939.00 in the amount of $290.85.
Total judgment is, therefore, $2,229.85 in damages and attorney's fees, plus fees for the eviction in the amount of $2,216.00 for a grand total of $4,445.85.
D. Michael Hurley, Referee